IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JO ANN HOFFMANN and
HANOVER INSURANCE                                                    PLAINTIFFS

V.                          CASE NO. 5:15-CV-5145

CRYSTAL A. POSADAS,
ALLSTATE INSURANCE COMPANY,
SARAH BRANSCOM,
TYLER OTT, and
PATRICE GAINES                                                        DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 7) and Brief in Support (Doc. 8), and Plaintiffs' Response (Doc. 13); and Defendants' Motion for Sanctions (Doc. 20). For the reasons given below, Defendants' Motion to Dismiss is **GRANTED**, and Defendants' Motion for Sanctions is **DENIED**.

### I. MOTION TO DISMISS

On July 1, 2015, Plaintiff Jo Ann Hoffmann[1] initiated this lawsuit by filing a 12-page Complaint, accompanied by 93 pages of exhibits. Her grievance appears to concern an insurance dispute arising from personal injuries Ms. Hoffmann allegedly suffered from an automobile wreck with Defendant Crystal A. Posadas. Defendants moved to dismiss Ms. Hoffmann's Complaint on the grounds, *inter alia*, that this Court lacks subject-matter

---

[1] Although Ms. Hoffmann, who appears *pro se*, lists Hanover Insurance as a co-Plaintiff in the caption of her Complaint, the Court is not aware of anything in the record that would indicate that Hanover Insurance is actually aware of or participating in these proceedings.

1

jurisdiction. This Court agrees that it lacks subject-matter jurisdiction, and therefore Ms. Hoffmann's Complaint will be **DISMISSED WITHOUT PREJUDICE**.

When, as here, a defendant challenges subject-matter jurisdiction through a Rule 12(b)(1) motion, "the question may be resolved either on the face of the pleadings or upon factual determinations made in consideration of matters outside of the pleadings." *Brotherhood of Maintenance of Way Employees Div. of Intern. Broth. of Teamsters v. Union Pacific R. Co.*, 475 F. Supp. 2d 819, 834-35 (N.D. Iowa 2007) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 & n.6 (8th Cir. 1990)). The Court will resolve the instant question on the face of the pleadings, and therefore for purposes of this Motion accepts all factual allegations in the Complaint as true and draws all reasonable inferences in Plaintiffs' favor. *Id.*

There are two types of subject-matter jurisdiction: "federal question" jurisdiction under 28 U.S.C. § 1331, and "diversity" jurisdiction under 28 U.S.C. § 1332. Neither exists here. Ms. Hoffmann argues that federal question jurisdiction exists pursuant to the First Amendment to the United States Constitution and 42 U.S.C. § 1985(2). However, an essential element of a claim under 42 U.S.C. § 1985(2)—or, for that matter, under § 1985(3)—is that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Coleman v. Garber*, 800 F.2d 188, 190 (8th Cir. 1986) (quoting *Kush v. Rutledge*, 460 U.S. 719, 724-26 (1983)). Ms. Hoffmann has not alleged in her Complaint that she was the victim of any sort of class-based discrimination. And even if the Complaint were generously construed to be seeking vindication of Ms. Hoffmann's First Amendment rights through some other avenue, such as 42 U.S.C. § 1985(1) or § 1983, the Complaint would nevertheless fail to

2

plead sufficient facts to support subject-matter jurisdiction, as none of the defendants in this case are alleged to have been "acting under color of state law." *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).[2]

As for diversity jurisdiction, it cannot exist unless there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Here, Ms. Hoffmann has not alleged that either of these prerequisites for diversity jurisdiction are satisfied. The Complaint contains no allegations whatsoever regarding citizenship of the parties, and the only discernible allegation of damages is in the amount of $2,430.00. As the Complaint has failed to allege facts that would support subject-matter jurisdiction, dismissal of the Complaint without prejudice is appropriate under Fed. R. Civ. P. 12(b)(1).

## II. MOTION FOR SANCTIONS

In Plaintiffs' Response to Defendants' Motion to Dismiss, Ms. Hoffmann made various statements to which counsel for Defendants, Justin Bennett, took exception. Generally speaking, these statements explicitly or implicitly accused Mr. Bennett of violating the Model Rules of Professional Conduct and assisting his clients in the commission of unspecified crimes. These allegations do not appear to be founded on anything other than the fact that Mr. Bennett was one of the attorneys who signed, and

---

[2] Ms. Hoffmann also contends that subject-matter jurisdiction exists under 18 U.S.C. § 1001. This is a criminal statute that does not contain any language providing a private right of action to civil litigants.

3

presumably drafted, Defendants' Motion to Dismiss. On November 19, 2015, Mr. Bennett sent Ms. Hoffmann a letter informing her that he believed her statements were "unacceptable and unfounded comments and aspersions" against his character in violation of Fed. R. Civ. P. 11(b), and that if she did not withdraw her Response and file a new one removing the inappropriate comments within 21 days, that he would file a motion for sanctions pursuant to Rule 11(c)(2). Ms. Hoffmann did not withdraw her Response; accordingly, Defendants filed their Motion for Sanctions on December 11, 2015.

One day prior to the filing of the Motion for Sanctions, Ms. Hoffmann argued in a filing with this Court that the threat of sanctions was improper, stating:

> On 11/19/15, defense counsel mailed a letter to me, with a note penned at the top of his motion for sanctions, which indicates he has not filed the motion. As of 11/19/15. . . . His letter of 11/19/15, however is received . . . as a threat to fair counsel interaction. . . . For this reason, I was not comfortable responding jointly [in the Rule 26(f) report], and have attempted to comply in spite of this warning that if I don't change my words, I will be moved for sanctions. It appears one more cause for impropriety. . . . I apologize, but I am unskilled, and it seems to this "ordinary folk" that lawyers can not blame me for failure of their clients, without crossing the thin line of representation.

(Doc. 19, p. 3). It appears to the Court that while some of the remarks in Ms. Hoffmann's Response were in violation of Rule 11(b), this violation was a result at least in part, of Ms. Hoffmann's misunderstanding of the Federal Rules of Civil Procedure and of the role that attorneys play in representing their clients before the Court. The Court is therefore unwilling at this time to impose sanctions on Ms. Hoffmann, and will instead simply admonish her that she must not make accusations of wrongdoing in court filings unless those accusations "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Rule 11(b)(3). The Court would furthermore instruct Ms. Hoffmann that there is nothing inherently inappropriate or unlawful about an attorney making good-faith legal arguments on behalf of his client in court filings. Finally, the Court observes that it will likely be much less inclined to show leniency if Ms. Hoffmann commits any further violations of Rule 11(b) in this case or in any other cases. Although Defendants' Motion for Sanctions is **DENIED**, the Court will strike the offending passages from Plaintiffs' Response that were identified in paragraph 3 of Defendants' Motion for Sanctions.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 7) is **GRANTED**, and Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. **IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (Doc. 20) is **DENIED**.

**IT IS SO ORDERED** on this 16th day of December, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE